and I represent the Plaintiff Appellants Joel and Connie Nazara. Your Honors, this case can be decided based upon the plain language of the Federal Arbitration Act, and in particular Sections 3 and Sections 4 thereof. What happened in this case below is that the Court erroneously dismissed the case and then went on further to order the case into arbitration in another state far away in Idaho. Just a minute. Where is the order to go to the other state? Let me read that. Yeah, the panel. My understanding that the language used was the entire action is dismissed without prejudice to the plaintiff submitting their claims to arbitration. I didn't see any order. I understand the Court's reading. The effect of the order is that the plaintiffs are essentially deprived of pursuing arbitration anywhere else, insofar as the Federal Court has now ruled that this is dismissed without prejudice, provided that arbitration occur in Idaho. Do you want to arbitrate in Hawaii? Yes. That would be our preference. Did you seek that? This suit was an action for damages, wasn't it? Your Honor, my clients would prefer to proceed in Federal court. However, in light of the arbitration language, if arbitration is, in fact, required, then they prefer to do it here in Hawaii where they can. But you've never asked for arbitration here in Hawaii? No. In fact, there was never a petition filed for arbitration by either party in this case. All right. And you never sought it. Why have the Court said, plaintiffs request that any arbitration take place in Hawaii rather than Boundary County, Idaho? The construction agreement requires that any arbitration take place in Boundary County, Idaho, and the Court is not at liberty to rewrite a valid and enforceable arbitration clause. The Court has discretion to either dismiss or stay the plaintiff's actions. Plaintiffs have not sought a stay in this action. In the interest of judicial economy, the entire action is dismissed without prejudice to plaintiffs submitting their claims to arbitration in Boundary County, Idaho. Am I getting that correctly? I believe that's correct. So from that, you want us to read that the Court ordered arbitration in Boundary County, Idaho. That's the effect of the order. Well, but the effect of the order and what is ordered are different. I mean, if the Court had jurisdiction to decide, you know, whether this should be arbitrated or whether it should be a district court, the Court ascertained that it should be dismissed. You didn't seek a stay. It's dismissed without prejudice. I just see this as we have to decide, did the district court have jurisdiction to dismiss it? And if it did, were they right? Well, Your Honor, and in that case— We've got to deal with what's in front of us. That's right. So I would refer the Court back to the plain language of Section 3 of the Arbitration Act, which contains absolutely no language that would allow the district court discretion to dismiss on that basis. Well, but if you also look at Section 3, it says that it is not even come into effect unless there's a petition of the parties. And as I understand it, you did not request any petition to stay. So how do you get Section 3 in here? If you'd asked for a petition to stay, maybe you could argue Section 3, but you didn't do that, did you? Your Honor, we defended against a motion to dismiss, and the Court below relied solely upon the Federal Arbitration Act in dismissing the case. And our position today is that there is no basis in Section 3 or elsewhere in the Federal Arbitration Act that would allow the district court the discretion to dismiss the case. All that the district court was empowered to do under the Act, if it were to invoke the Act, would be to stay the action while the matter went to arbitration. But if I look at Sparling, and I looked right at Sparling, the Court in Sparling said the plaintiffs had failed to state a claim because the arbitration clause was broad enough to bar all of the plaintiffs' claims since it required them to submit the claims to arbitration, and they dismissed. And that's exactly what happened here. Your Honor, my understanding of Sparling is that it was a dismissal on alternative grounds, failure to state a claim, and that's not something that was argued in this record. In fact, as I've pointed out in my supplemental brief, this Court very recently in the Kilgore case recognized that the Federal Arbitration Act  Upon further research prompted by the Court's request for supplemental briefing, I was actually led to what appears to be a split amongst the jurisdictions throughout the United States. Now, some of the courts have held that where all of the claims are subject to arbitration, that a court may have discretion to dismiss under the Federal Arbitration Act. This Court has never so held. And so today I would argue that the Court should follow a recent Third Circuit decision in Lloyd v. Hovenza, LLC. That Court analyzed the split amongst the various jurisdictions and ruled that, in fact, that the better interpretation was a strict reading of the statute. The Court recognized that there was no basis for it to otherwise go beyond the intent of Congress, as stated in the statute itself. Well, if I go there and I really follow you up, am I not really just suggesting that I don't have any jurisdiction? Because there's no question under 16 I can't have jurisdiction over a stay. That's right, Your Honor. And, again, there was not a stay in this case. And as the Supreme Court recognized in the Greentree case, a final order may be appealable. And what was entered in this case was an order of dismissal. An order of dismissal is, in fact, a final and appealable order. It's appealable, but I don't understand. I'm sorry. I'm just speaking for myself. My colleagues probably are far ahead of me. I don't understand what you actually want us to do. Your Honor, we would like the Court to reverse the lower court's order. Reverse what? Reverse the dismissal? At least to the extent that it required arbitration in Idaho. And based upon the supplemental briefing, I would argue further that the dismissal was improper below, was erroneous, and that that should, in fact, be set aside. Well, you just want to be in district court in Hawaii, and you don't want to go to arbitration. And if you had to go to arbitration, you want to go here. Yes, that's right. Well, but do you want to go back to the district court with some kind of instructions? Yes, back to the district court, preferably with instructions for a stay pending arbitration. The case can then be submitted to arbitration, which we would prefer to do in Hawaii, and then the question of the enforcement of the venue selection clause we maintain is a question for the arbitrator. But I thought you were saying it shouldn't even be arbitrated. You don't want to go to arbitration, do you? Well, we would prefer not to, but if we're going to, then a stay should be issued in the case. There's a number of reasons why. Are you arguing to us that we should reinstate your damage action? Yes, with instructions that it be stayed pending arbitration. And there's a number of reasons that a stay is important. Under the Federal Arbitration Act, even where a case is submitted to arbitration,  So if a stay is so important, why didn't you request one? Your Honor, again, we were defending against a motion to dismiss. It was not our intent to petition the court to compel arbitration. That was not our purpose. It just seems to me that you're asking us to be the lawyers in the case as opposed to be the judges in the case. No, I'm simply asking the court to review the Federal Arbitration Act and review the lower court's decision in this case based upon the plain language of that act and what's required thereunder. And, again, with a stay in place, there's a couple of reasons why a stay is preferable to this idea that other courts have adopted that a court has discretion to dismiss. And, again, parties in arbitration are often required to return to court to compel witnesses to attend disputes involving selection of an arbitrator. And in the end, the parties can return to the court for confirmation of a judgment or for an order vacating a judgment. To dismiss a case, every time the parties would need to come back to court, they'd be required to file a brand-new action. You see, I don't see what, given what happened in this case, I don't see what the district court did wrong. Well, under Section 3, there's no basis for dismissal. There's no basis anywhere. Again, going back to Section 3, but to answer my good colleague's question, you didn't ask for Section 3 to apply at all. And, again, I would maintain that it wasn't my client's position. He wanted to have a suit in district court. Right, to ask for arbitration. That wasn't our intent. Well, if we're saying you want a suit in district court, then the court gets a chance to determine, and the court felt like they couldn't have a suit here. And that's exactly what they did, dismissed. But the court felt, based entirely upon the Federal Arbitration Act, that it could not. And, in fact, a careful reading of the Federal Arbitration Act provides no basis for dismissal. The court felt that there was a binding arbitration agreement that the parties had signed, and, therefore, that's what had to be, that there was no, you know, it didn't belong in district court. And the court also held that the Federal Arbitration Act was controlling, and that was the basis of its decision to dismiss. And, again, I would submit there's no basis under the Federal Arbitration Act for dismissal. Do you want to reserve the balance of your time for rebuttal? I would, thank you. All right, why don't you do that. Thank you. Good morning, judges. Frederick Rolfing, may it please the Court. The issue that was raised on the appeal. Were you the, did you handle the matter in the district court? No, I did not. A colleague of mine appeared in district court. The issue raised by the appellant on the first page of their appeal, issue presented for the rule. Does the district court commit reversible error by further ordering that such arbitration must occur in a certain form outside its own district when the validity of a venue selection clause remains in dispute subject to resolution by an arbitrator? So I would submit to your honors that the issue, there's not an issue of arbitration, whether this should be arbitrated. That's the sole issue being raised on appeal. I'm hearing other issues coming up that may have been before the district court. But that seems. Wait, I'm sorry. What do you see as the sole issue on appeal? The appellant has said, does the district court commit reversible error by ordering that arbitration occur in a certain form outside its district when the validity of a venue selection clause remains in dispute? That's the sole issue that they've raised. And I would submit that what's germane and what the court has already alluded to and quoted is that the key issue here is that the court dismissed this action. And the reason the court dismissed the action is because based on the complaint and the documents attached to the complaint, this matter is arbitrable. It's to be arbitrated. The provisions are clear. And so there is no basis for the court to grant any relief. The motion to dismiss was based on Rule 12. And so based on the complaint itself, the case was properly dismissed because it has to be arbitrated. It's subject to arbitration. And the arbitration clause refers to arbitration in Boundary County, Idaho. Well, did the district court order arbitration in Boundary County? No. The district court did not order arbitration. The district court dismissed the complaint because of the arbitration clause. What was the plaintiff's position in the district court when you moved to dismiss on the ground that there was an arbitration, valid arbitration clause? The plaintiff's position, as I understood it, was that the matter was not subject to arbitration based on the public policy of Hawaii, that the unfair and deceptive trade practices law should not be arbitrated. So as I understood the opposition below, the plaintiff was arguing that arbitration was not appropriate for this particular matter. But those issues that the plaintiff argued below, they did not argue in this appeal. They confined their appeal to this issue. They were arguing that the entire agreement was invalid, too, I guess. That's true. Which is a question for the arbitrator. That's correct, Your Honor. Do you have any Ninth Circuit case law that would support the proposition that dismissal is appropriate here? I think the Sparling case that the court has referred to and asked for briefing is very clear. Your Honor quoted this. This is page 638 from the Sparling case. The district court acted within its discretion when it dismissed active's claims, as in Martin Marietta. The arbitration clause was broad enough to bar all the plaintiff's claims since it required active to submit all claims to arbitration. I think that applies in this case, and that is why dismissal is appropriate. I anticipated that answer. So how do you distinguish Kilgore? Because it seems to me Kilgore says, and I quote, the FAA leaves no place for the exercise of discretion by a district court, but instead mandates that the district court direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. I don't read the Kilgore case as reversing the Sparling case. Why? How would I resolve this conflict? One says you can't do anything except proceed to arbitration, and another says you can dismiss. Well, Kilgore held that the no place for discretion mandates they will proceed to arbitration. That holding relates to the enforceability of the arbitration clause. There's no discretion with regard to the enforceability of the arbitration clause, but it doesn't contradict the option or the discretion that the court can dismiss the case, and there's some obviously good reasons for a dismissal of the case. Number one, there is a venue clause. It relates to Idaho, and this is in Hawaii. Dismissal rather than we didn't move to compel arbitration. We didn't move the court to compel arbitration, and that had good reasons behind it because we didn't want to be conceding to the venue of Hawaii. So we moved for dismissal. So I don't see the Kilgore result as contradicting the result that Sparling came to. Reading Continental Grain, you were saying Hawaii has no jurisdiction to order an arbitration in Idaho, and we don't want them to do that, so we're just going to move to dismiss. That is correct, Your Honor. If you had moved to compel arbitration and they had asked for a stay, would we then be in the position that we have to get into all the circuit splits and decide whether a court here has the authority to compel arbitration in Idaho? Yes, I think that would be, depending on what was raised on the appeal. But you're saying the strategic position that you took relative to the appellant does not make it necessary for this court to go there? That is correct, Your Honor. But aren't you also saying, as I understood your last answer to me, that even if we said three and four apply here, that the best that we can tell a district court is stay the action and wait for nothing because you have never requested that the arbitration go here, and that's the only way Continental Grain would apply? That's correct. I think it's the most practical outcome, and I think it's certainly consistent with the rulings of the Ninth Circuit. And it also has an additional benefit, which is that this court has appellate jurisdiction over this particular dismissal rather than having a stay and no right to appeal and going from that point forward until everything's over. Well, I think I have a very distinguished colleague who has convinced me that once the district court dismissed the action, we do have jurisdiction regardless of the issues. You'd agree with that? I would agree with that. If there's a dismissal, then there's appellate jurisdiction. But it doesn't appear that there's jurisdiction when a stay is entered unless they obtain that. I think we now have your argument in line. Did the panel members have any additional questions? Thank you. All right. Thank you for your argument. Just to clarify, the basis of the district court's decision was purely the text of the Federal Arbitration Act, which we maintain should not be interpreted to allow district courts the discretion to dismiss in any circumstances. Even though you didn't say anything or do anything to make any part of that FAA Section 3 applicable. And again, we would maintain that that was not our burden in defending against a motion to dismiss the case. Okay. I understand your argument. All right. Thank you both for your argument. This matter will stand submitted. The final case on calendar today is Metzler Contracting Company versus Paul Stevens et al., 11-15749, 11-15833. Now, I was advised by the clerk that one side wished to use some boards here for oral argument. I might remind you we are not a trial court. But it's my understanding that the side that's offering the exhibits has shown them to the other side, that there's no objection, and also all of these were in the record. So we're not going outside the record. So it's something that we can look at, and we're not adding anything additional to the record. Am I correct?  We're the ones that are offering this, Jerry Hyatt. And since we don't know who that is, the voice picks it up. Jerry Hyatt for Metzler Contracting. Okay. All right. All right. Now, we have cross appeals here. So essential.
judges: Schroeder, Callahan, Smith